**MIDWEST URANIUM CO.**

v.

**CRAIG et al.**

**No. 4693.**

United States Court of Appeals, Tenth Circuit.

Oct. 26, 1953.

George D. Preston, Logan, Utah (Dan T. Moyle, Salt Lake City, Utah, was with him on the brief), for appellant.

Calvin A. Behle, Salt Lake City, Utah (C. C. Parsons, A. D. Moffat, Salt Lake City, Utah, were with him on the brief), for appellees.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

On September 9, 1952, Craig and Lennemann were the owners of two state land mineral leases, issued by the State Land Board of the State of Utah, covering 479.80 acres of land. As of that date they entered into a contract with A. D. Preston, whereby they agreed to assign such leases to Preston and he agreed to pay therefor a total consideration of $20,000, $3500 to be paid on or before 30 days from the date of the contract and the balance within two years, by an overriding royalty of 12½ per cent of the gross proceeds derived from the leases.

The contract provided "that in the event of the failure" of Preston "to keep and observe any of the covenants" in such leases or in the contract, the same might be terminated by Craig and Lennemann upon 60 days' written notice by registered mail of their intention to terminate the contract; that Preston should have the 60-day period in which to remedy and cure the default and in such event he should be relieved from the default; and that time was of the essence of the contract. Preston failed to pay the $3500 within 30 days from the date of the contract. On October 11, 1952, Lennemann called Preston by telephone and asked him what he was going to do about the default in the payment of the $3500. Preston replied that he would come to Grand Junction on October 14, 1952. On that date Lennemann signed and delivered to Preston a letter which recited that in consideration of $1.00 and Preston's promise to remit $500 to Craig and Lennemann on Preston's return to Denver, Colorado, the period for paying the $3500 would be extended to November 14, 1952. Preston failed to remit the $500. On October 25, 1952, Preston wrote Lennemann a letter in which he requested that Craig and Lennemann be patient for a few more days in order for Preston and his associates to complete their plans.

On October 27, 1952, Lennemann wrote a letter to Preston stating that Preston had broken his agreement three different times, but if he made the $3500 payment by December 1, 1952, Craig and Lennemann would reinstate the contract. On December 8, 1952, Lennemann wrote a letter to Preston in which he referred to the letter of October 27 and stated that since he and Craig had not heard from Preston, they regarded their obligation under the contract as terminated.

On December 19, 1952, Preston called Craig by telephone and stated in effect that he was sorry about his failure to carry out the contract; that he was in a better position than he had formerly been and was interested in other uranium properties and that he would be at Grand Junction in a few weeks and would call on Craig in connection with such other properties.

On December 22, 1952, Preston assigned his interest in the leases to Ray L. Payne, as trustee for the Midwest Uranium Company,[1] a corporation, which had been formed to take over the leases. On December 23, 1952, Payne tendered a certified check to Craig. Craig refused to accept the check.

Midwest, having succeeded to the interest, if any, of Preston in the contract, brought this action against Craig and Lennemann, seeking a declaratory judgment adjudging that Midwest was entitled to immediate possession of the property covered by the leases and entitled to mine, operate and develop the same in accordance with the terms of the contract and that Craig and Lennemann be ordered to deliver up possession of the property covered by the leases to Midwest.

The trial court found the facts as above stated, and concluded that the provision for notice of default and the right of Preston to cure the default within the notice period did not apply to the $3500 payment and that the contract had been rescinded. From a judgment in favor of Craig and Lennemann, Midwest has appealed.

We deem it unnecessary to determine whether the provision for 60-day notice of default and the right of Preston to cure the default within the 60-day period applied to the $3500 payment. Lennemann notified Preston of the default in the $3500 payment, verbally, on October 11, 1952. On October 14, 1952, the time for making the payment was conditionally extended to November 14, 1952. Preston failed to perform the condition, namely, to remit $500 on his return to Denver.

On October 27, 1952, the time was conditionally extended to December 1, 1952. Preston again failed to make the payment. On December 8, 1952, Lennemann, by letter, advised Preston that the contract was terminated. In his telephone conversation with Craig on December 19, 1952, Preston in effect acquiesced in the termination of the contract. That was more than 90 days from the date of the contract and more than 60 days from the verbal notice of default. We think the parties treated the verbal notice of October 11, 1952, as a substantial compliance with any requirement of notice of default; and that Preston failed to cure the default and agreed to the termination of the contract by his telephone communication of December 19, 1952.

The tender by Midwest was long after the expiration of the 60-day period from the verbal notice of October 14.

We conclude, therefore, that the contract was terminated prior to the tender, and the judgment is accordingly affirmed.

1. Hereinafter called Midwest.